# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RICHARD SCOTT PERRY**                                    **CIVIL ACTION NO.**

**VERSUS**                                                 **24-484-JWD-SDJ**

**JOHN PREJEAN, et al.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 27, 2025.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICHARD SCOTT PERRY                      CIVIL ACTION NO.

VERSUS                                            24-484-JWD-SDJ

JOHN PREJEAN, et al.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court as a result of Plaintiff Richard Scott Perry's failure to timely serve Defendants John Prejean and the Louisiana Department of Public Safety & Corrections. Because Plaintiff has consistently failed to serve Defendants, it is recommended that this case be dismissed.

**I.     BACKGROUND**

Plaintiff Richard Scott Perry instituted this action on June 12, 2024, against John Prejean and the Louisiana Department of Public Safety & Corrections, alleging, *inter alia*, medical negligence and civil rights violations based on Defendants' denial of "Plaintiffs long-term prescribed medications" while he was incarcerated at Elayn Hunt Correctional Center.[1] On June 28, 2024, the Court issued an Order appointing the United States Marshals Service to serve Defendants.[2] However, that same Order also ordered Plaintiff to complete Form USM-285 for each Defendant and mail the completed forms to the United States Marshals Service at the address provided.[3] The Court also issued summons to both Defendants that day.[4]

---

[1] R. Doc. 1 at 1.
[2] R. Doc. 2 at 1.
[3] *Id.*
[4] R. Doc. 3.

*Richard Scott Perry - Certified #9589 0710 5270 1607 9434 69*

On August 22, 2024, Plaintiff filed with the Court a summons issued to each Defendant.[5] The "Proof of Service" section, however, was still blank on both.[6] The following day, August 23, 2024, an Order was issued stating that summonses were previously issued on June 28, 2024, and reminding Plaintiff of the June 28, 2024 Order for Plaintiff to complete Form USM-285 for each Defendant and mail the completed forms to the USMS for service.[7] The Order also stated that summons would not be issued.[8]

Approximately one month later, on September 19, 2024, this Court issued a Show Cause Order against Plaintiff, ordering him to "SHOW CAUSE, in writing, on or before October 9, 2024, why sanctions should not be imposed or a recommendation of dismissal be issued for his failure to properly service Defendants."[9] The Order also specifically notified Plaintiff that "[f]ailure to timely respond could result in sanctions, including dismissal of this action, without further notice."[10] To date, no response from Plaintiff has been received, no Form USM-285 has been filed, and there has been no activity in this case since September 19, 2024.

## II. LAW & ANALYSIS

Fed. R. Civ. P. 4(m) provides for dismissal of an action without prejudice if a plaintiff fails to serve within 90 days after the complaint is filed. Local Civil Rule 41(b)(1)(A) also provides that "[a] civil action may be dismissed by the Court for lack of prosecution … [w]here no service of process has been made within 90 days after filing of the complaint." This case has been pending for over 9 months, and service has not yet been effected. Plaintiff was initially ordered to serve Plaintiff within 60 days and was later reminded that he needed to complete the required forms and

---

[5] R. Doc. 4.
[6] *Id.* at 2, 4.
[7] R. Doc. 5.
[8] *Id.*
[9] R. Doc. 6.
[10] *Id.*

mail same to the USMS. Plaintiff also was explicitly told that failure to timely respond to the Court's Show Cause Order could result in a recommendation of dismissal. To date, however, Plaintiff has failed to properly serve Defendants.

To avoid dismissal, Plaintiff must show good cause for failing to serve, and, if good cause is shown, the Court must extend the time for service. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). To determine whether good cause exists, the Court looks at the actions of the plaintiff during the relevant time period. *See Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). A determination whether a plaintiff has made a sufficient showing of good cause "is necessarily fact-sensitive" and depends on the particular circumstances of the case. *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996). At a minimum, in order to show good cause, "the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Id.* (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)). Because Plaintiff has wholly failed to respond both to the Court's June 28, 2024 Order requiring that Form USM-285 be completed and mailed to the USMS and the Court's September 19, 2024 Show Cause Order, he has not demonstrated good cause.

However, even if Plaintiff lacks good cause, the Court may extend the time for service. *Thompson*, 91 F.3d at 21. Such an extension may be warranted "if the applicable statute of limitations would bar the refiled action." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citing Fed. R. Civ. P. 4(m) advisory committee's note (1993)). Here, because Plaintiff complains of events occurring between February 27, 2023, and June 8, 2023,[11] dismissal of this Complaint without prejudice may have the effect of a dismissal with prejudice, given that the

---

[11] R. Doc. 1 at 1.

events giving rise to the Complaint occurred approximately two years ago.  Accordingly, the Court must apply a heightened standard to determine whether this case should be dismissed.

Dismissal with prejudice "is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Millan*, 546 F.3d at 326 (internal quotation marks and citations omitted).  Further, one of the following three factors should be present: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."  *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).  Here, the delay is solely caused by Plaintiff, who has failed to mail copies of Form USM-285 to the Court as instructed on multiple occasions.  In addition, despite having received summonses from the Court, the case record does not demonstrate an attempt by Plaintiff to serve either Defendant or any other activity by Plaintiff other than resubmitting the incomplete summonses to the Court over 7 months ago.  Plaintiff also wholly failed to respond to this Court's Show Cause Order, which specifically gave notice that failure to respond could result in dismissal of this proceeding.  Plaintiff's continued inaction in this case supports dismissal, even if refiling may be time barred.

### III. Recommendation

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** for failure to timely effect service upon Defendants John Prejean and the Louisiana Department of Public Safety & Corrections.  The Clerk's Office is instructed to send a copy of this Report and Recommendation to Plaintiff at his address on record both by regular mail and certified

mail, return receipt requested.

Signed in Baton Rouge, Louisiana, on March 27, 2025.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

5